UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW OAKES, individually and on behalf of all others similarly situated,** | ) ) ) | **CASE NO. 5:11CV1006** |
| PLAINTIFFS, | ) ) ) | **JUDGE SARA LIOI** |
| vs. | ) ) | |
| **J.F. BERNARD, INC., et al.,** | ) ) | **MEMORANDUM OF OPINION & ORDER** |
| DEFENDANTS. | ) ) | |

Before the Court is a motion for reconsideration filed by defendants J.F. Bernard, Inc. and Joseph Bernard, Jr. (the "Bernard defendants"), and Construction Labor Contractors, Inc. ("CLC") (collectively "defendants"). (Doc. 34.) Plaintiff Matthew Oakes ("plaintiff" or "Oakes") has filed a brief in opposition (Doc. 35) to which defendants replied (Doc. 37). This matter is ripe for disposition. For the reasons that follow, defendants' motion is **DENIED**.

### I.  BACKGROUND

Oakes was employed by CLC beginning on February 19, 2010, and was leased to J.F. Bernard as a HVAC installer from February 22, 2010 until April 30, 2010. Oakes filed this action on May 18, 2011, on behalf of himself and other leased HVAC installers, alleging violations of the Fair Labor Standards Act ("FLSA") against defendants. (Doc. 1.) The complaint alleges defendants violated the FLSA by failing to compensate plaintiff and other similarly situated individuals for: (1) travel outside their normal commuting area; (2) travel from the shop to the worksite; (3) travel between worksites during the workday; and (4) performing preliminary and postliminary shift activities that were integral and indispensable to their principal duties.

On August 26, 2011, Oakes filed a motion for conditional certification. Defendants opposed the motion, arguing that Oakes was an inadequate class representative and disputing conditional certification with regard to plaintiff's claims concerning travel outside the normal commuting area and travel between worksites. With respect to Oakes's claim regarding the normal commuting area, defendants argued that claim was not subject to conditional certification because Oakes had failed to make a "modest factual showing" that defendants had an FLSA violating policy, plan, or practice.

On November 22, 2011, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that the Court grant Oakes's motion for conditional certification as to all of his claims, including his claim that he and other similarly situated HVAC installers were not properly compensated for travel outside their normal commuting area.[1]

Defendants did not file objections to the R&R and, on December 21, 2011, the Court accepted the R&R and granted Oakes's motion for conditional certification as to all claims. In the instant motion for reconsideration, defendants ask the Court to reconsider its December 21, 2011 order in light of the Magistrate Judge's conflicting recommendation in a

---

[1] Specifically, the Magistrate Judge rejected defendants' argument and found that:

> Whether Oakes is correct that more than "normal travel" to and from the worksite is compensable under the FLSA is not critical to the issue of conditional certification. Oakes has also alleged, and the affidavits produced support the allegation, that JF Bernard failed to pay for work performed before and after regular work hours and for travel between the warehouse and the work site, and that CLC was complicit in this non-payment. Defendants do not challenge that these alleged acts would violate the FLSA if found to be true. As at least most of Oakes's claims allege violations of the FLSA, and as the Sixth Circuit does not appear to favor examination of the ultimate merits of claims at this stage of conditional certification, Oakes's motion to conditionally certify the action as a collective action should be granted. Accordingly, defendants argument is not well-taken.

*Oakes v. J.F. Bernard, Inc.*, No. 5:11cv1006, 2011 WL 6415535, at *6 (N.D. Ohio Nov. 22, 2011). Further, in a footnote, the Magistrate Judge reiterated that "[t]he merits of this claim are not to be decided in this phase of the inquiry. At this stage of the proceeding, it is sufficient that the plaintiffs' claims are unified by common theories of defendants' alleged statutory violations." *Id*. at n. 7.

companion case pending before this Court, *Schwab v. J.F. Bernard, Inc., et al.*, Case No. 5:11CV1006, Doc. 16 (N.D. Ohio).[2] In *Schwab*, the Magistrate Judge recommended that this Court deny conditional certification as to Schwab's normal commuting area claim, agreeing with defendants that Schwab had failed to make a modest factual showing that defendants had a FLSA-violating policy, plan or practice. The Magistrate Judge explained the conflicting recommendations as follows:

> In the companion case, the magistrate judge recommended that the court certify a collective action with respect to all of plaintiff's claims, including a claim for compensation for travel between home and work outside the normal travel area after the change in policy. The difference between the two results is that defendants opposed certification *en toto* [*sic*] in the companion case, whereas they opposed certification of just two of Schwab's four claims in this case.

*Schwab*, No. 5:11CV1216 (Doc. 16 at 13). Defendants' motion for reconsideration states that the issues in the two cases are indistinguishable and that the Magistrate Judge's "decision" in this case must be harmonized with her finding in *Schwab*.

## II. DISCUSSION

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Fed. R. Civ. P. 59(e) as a motion to alter or amend a judgment. *Rodriguez v. City of Cleveland,* No. 1:08–CV–1892, 2009 WL 1565956, at * 1 (N.D. Ohio June 3, 2009) (citing *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir. 1979)). The motion is disfavored and "is seldom granted because it contradicts notions of finality and repose." *Id.* (citing *Wells Fargo Bank v.*

---

[2] The FLSA issues raised in *Schwab* are identical to those raised in this case. In both cases, defendants objected to conditional certification of the plaintiffs' claims regarding normal commute time and travel between worksites. Further, the named plaintiffs in both cases rely on the same affidavits and evidence to support their motions for conditional certification. The only difference between *Schwab* and this case is that, in *Schwab*, the subject employees were not leased from CLC, but were employed directly by the Bernard defendants. In this case, as outlined above, the Magistrate Judge recommended that the Court grant conditional certification as to plaintiff's claim regarding normal commute time.

*Daniels,* No. 1:05–CV–2573, 2007 WL 3104760, at * 1 (N.D .Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied–Sigal, Inc.,* 904 F .Supp. 644, 669 (N.D. Ohio 1995)). A court may grant a motion to amend or alter judgment if there is a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury,* 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

Oakes argues in opposition to defendants' motion for reconsideration that defendants do not assert any of the grounds for relief under Rule 59(e). According to Oakes, defendants point to no clear error of law, newly discovered evidence or intervening change in the law, and are in fact simply seeking to relitigate arguments previously considered by the Court.

Defendants contend in reply that the Magistrate Judge's R&R in this case contains both legal and factual errors, whereas the analysis by the Magistrate Judge in *Schwab* was correct and should be adopted here. Moreover, defendants claim that manifest injustice will result if the Court does not reconsider and deny Oakes's request for conditional certification of the claim at issue here.

The R&R in *Schwab*, however, has no presumptive weight, and the responsibility for making the final determination on the issue of conditional certification at all times remains with the Court. *Merriweather v. Reynolds*, 586 F.Supp.2d 548, 550 (D.S.C. 2008) ("The

4

Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court.") (citing *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976)). Pursuant to 28 U.S.C. § 636(b)(1) the Court reviews *de novo* those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *Id*. (citing 28 U.S.C. § 636(b)(1)).

In *Schwab*, after having conducted its de novo review of the plaintiff's objections, the Court rejected the Magistrate Judge's recommendation with regard to conditional certification of Schwab's normal commuting area claim. *Schwab*, No. 5:11-cv-01216 (Doc. 28). In doing so, this Court agreed with Schwab that the Magistrate Judge's recommendation in that case could not be reconciled with the recommendation in this case. *Id*. at 9. The Court concluded in *Schwab* that the different result reached on this same issue in the two cases was unwarranted given the identical factual allegations in the cases and the fairly lenient standard applicable to the conditional certification stage, which prohibits the consideration of the merits of plaintiff. *Id*. at 9-10. Further, the Court concluded that, pursuant to this standard, Schwab had met his burden of establishing that he and the proposed class were, at least potentially, subject to a companywide policy that violated the FLSA. Thus, in *Schwab*, the Court decided to grant the motion for conditional certification as to all of Schwab's claims, just as it did in this case. Consequently, the results in the two cases have been harmonized and defendants' motion for reconsideration of the Court's decision here, in light of the R&R in *Schwab*, must be denied.

Finally, the Court declines to reconsider its ruling on the basis of the amount of discovery pertaining to Oakes's claim for compensation for travel outside the normal commuting

5

area. The only possible basis for reconsideration on this point would be to prevent a manifest injustice. "'Manifest injustice' requires a showing that an order 'was plainly wrong and resulted in substantial prejudice to the aggrieved party.'" *Prater v. Consolidated Rail Corp.*, 272 F. Supp. 2d 706, 710 (N.D. Ohio 2003) (quoting *Mack v. Great Atlantic & Pacific Tea Co., Inc.,* 871 F.2d 179, 186 (1st Cir. 1989)). As outlined above, given the lenient standard for conditional certification, the Court is not persuaded that its previous order was wrongly decided, much less plainly so. While the Court certainly harbors doubts that plaintiffs will succeed on this claim, the applicable standard forecloses any such merits based finding at this stage.

Further, the Court is not persuaded that a refusal to reconsider that order will result in substantial prejudice to defendants. The amount of additional discovery that will be required to be undertaken will most likely involve the same plaintiffs who will be asserting claims for other types of travel time. Thus, any additional discovery expenses incurred in investigating plaintiffs' commute time claims are not likely to be substantial. Moreover, this matter is in the early stages of litigation, and as the Court noted in *Schwab*, nothing prevents defendants from later seeking to decertify the class with respect to the commute time claim or to seek summary judgment thereon, both of which employ stricter standards. Thus, the Court has no reason to reconsider its ruling for the prevention of manifest injustice.

### III. CONCLUSION

For all of the foregoing reasons, defendants' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 30, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**