**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW OAKES, individually and on behalf of all others similarly situated,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>J.F.BERNARD, INC., *et al.,*  )<br>) | CASE NO.   5:11-cv-1006<br><br>JUDGE LIOI<br><br>MAGISTRATE JUDGE VECCHIARELLI<br><br><br>**REPORT AND RECOMMENDATION**<br>Doc. No. 68 |

Before the court is the motion of defendants, J.F. Bernard, Joseph Bernard Jr., and Construction Labor Contractors, Inc., to dismiss plaintiff John J. Johnston ("Johnston") from the case pursuant to Fed. R. Civ. P. 41(b) ("R. 41(b)") for failure to prosecute his claims.[1]  Doc. No. 68.  Plaintiffs' counsel does not oppose this motion. For the reasons given below, Johnston should be dismissed from the case with prejudice.

i.

The parties stipulate the following facts.  On January 27, 2012, a notice to opt-in to this case was sent to Johnston, who was formerly employed by Construction Labor Contractors and leased to J.F. Bernard, Inc.  Johnston timely signed and mailed his

---

[1] Defendants also cite Fed. R. Civ. P. 37(b) as justifying dismissal in this case.

consent to join the action and authorization to represent.  On April 9, 2012, defendants sent via electronic and regular mail defendants' First Set of Consolidated Discovery to Johnston and other opt-in plaintiffs.  Upon the grant of an extension, the reponses to the discovery requests were due June 1, 2012.  Johnston has not responded to defendants First Set of Consolidated Discovery.  Plaintiffs' counsel has repeatedly requested that Johnston respond to defendants' requests and has not received any response from Johnston.

On June 5, 2012, defendants served Johnston with a notice of deposition for June 21, 2012, a date previously agreed on by defense counsel and plaintiffs' counsel.  Johnston failed to attend this deposition and did not provide any reason for his failure to attend or notify plaintiffs' counsel that he would not attend.  Since June 21, 2012, plaintiffs' counsel has been unable to contact Johnston.  Moreover, despite plaintiffs' counsel's repeated requests that Johnston contact plaintiff's counsel, Johnston has failed to do so.

On July 19, 2012, the court ordered Johnston to schedule and appear at a deposition on or before July 27, 2012.  The court also ordered Johnston to respond to and return defendants' First Set of Consolidated Discovery on or before July 27, 2012.  Plaintiffs' counsel sent a copy of this order to Johnston and repeatedly attempted to contact Johnston without success.

Defendants now move to dismiss Johnston for failure to obey the court's order of July 19, 2012 and failure to prosecute his claims.  Plaintiffs' counsel, having previously been warned that Johnston's failure to prosecute his case might result in a dismissal, does not oppose this motion.

II.

A federal trial court may dismiss a case before it upon motion or *sua sponte* if the plaintiff fails to prosecute, comply with the Federal Rules of Civil Procedure, or comply with a court order. R. 41(b); *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232 (6th Cir. 1983) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). This measure is available to the district court as a tool to manage its docket and avoid unnecessary burdens on the tax-supported courts and opposing parties. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). A dismissal for failure to prosecute is a dismissal with prejudice. R. 41(b).

Nevertheless, because dismissal is harsh, it "is appropriate only if the . . . dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980). A court should consider four factors in deciding whether the sanction of dismissal is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In the context of collective actions, dismissal of opt-in plaintiffs for failure to provide discovery, respond to the court's orders, or respond to their attorney's efforts to contact them justified dismissal pursuant to R. 41(b). *See Roach v. T.L. Cannon Corp.*, 2012 WL 2178924, at \*4 (N.D.N.Y. May 15, 2012).

In the present case, Johnston is at fault, at a minimum, for failing to maintain

3

contact with his attorney so that he could stay informed regarding his case. Defendants' inability to obtain discovery obviously is a significant handicap to their ability to defend against Johnston's claims. The court warned Johnston's attorney of the possibility that Johnston's failure to comply with his discovery obligations might result in dismissal. Finally, although the court has considered other sanctions, no other sanction is appropriate. Johnston has utterly failed to perform his obligations pursuant to the civil rules or the court's order. Indeed, given the inability of plaintiff's counsel to contact Johnston, there is no indication that Johnston will fulfill those obligations at any time in the future. Under these circumstances, Johnston cannot serve as a plaintiff in this case.

III.

For the reasons given above, defendants' motion to dismiss Johnston from the case pursuant to R. 41(b) should be GRANTED, and Johnston should be dismissed with prejudice.


Date: August 1, 2012  /s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**